**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

PASQUALE VERRILLI,

                          Plaintiff,

- v -                                            Civ. No. 9:17-CV-075
                                                          (TJM/DJS)

JOHN DOE I, JOHN DOE II, JOHN DOE III, JOHN
DOE IV, JOHN DOE V, and WILLIAM LEE

                          Defendants.

---

**APPEARANCES:**                                  **OF COUNSEL:**

PASQUALE VERRILLI
Plaintiff, *Pro Se*
200 Little Tor Road
New City, New York 10956

HON. LETITIA JAMES                          BRIAN W. MATULA, ESQ.
Attorney General of the State of New York      Assistant Attorney General
Attorney for Defendant
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER

*Pro se* Plaintiff Pasquale Verrilli brought this action, pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his civil rights. The Complaint named a number of individual Defendants, including William Lee, the Superintendent at Eastern Correctional Facility. Dkt. No. 1, Compl. Plaintiff was directed to file an Amended Complaint by the Court, Dkt. No. 6, which Plaintiff did on June 7, 2017. Dkt. No. 9. Upon review of the

Amended Complaint under 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b), the Court dismissed the Complaint as to all of the specifically named Defendants, including Superintendent Lee. Dkt. No. 10. With regard to Defendant Lee in particular, the Court concluded that the Amended Complaint failed to establish Lee's personal involvement. *Id.* at pp. 9-11. The Court did identify claims, sufficient to withstand initial review, against five unnamed John Doe Defendants. *Id.* at pp. 8-9. In an effort to assist Plaintiff in identifying the John Doe Defendants, the Court subsequently issued an Order adding Superintendent Lee as a Defendant solely "that service may proceed and issue may be joined." Dkt. No. 16 at p. 3. The Court further emphasized that Lee would be a Defendant "**for service and discovery purposes only**." *Id.* at p. 4 (emphasis in original). Finally, the Court specifically noted that Lee would remain a party only "until plaintiff has been afforded an opportunity to conduct discovery related to the identity of the Doe defendants." *Id.* at p. 4 n. 3.

Defendant Lee subsequently filed an Answer, denying any wrongdoing, and specifically noting that he was named as a party solely for purposes of service and discovery. Dkt. No. 22. The Court then issued a Pretrial Order setting case management deadlines, including a July 30, 2018 deadline for amendment of pleadings and a September 30, 2018 deadline for completion of discovery. Dkt. No. 22. Defendant provided mandatory initial disclosures to Plaintiff on May 20, 2018. Dkt. No. 24. The discovery deadline in the case was subsequently reset to November 30, 2018. Dkt. No. 28. Plaintiff has raised no issues concerning discovery in this case and never filed a motion to amend the Complaint to identify the John Doe Defendants. All pretrial

deadlines have now expired without any of those John Does having been identified by Plaintiff.

Defendant Lee has now moved for dismissal of the Complaint against him. Dkt. No. 32. Despite the fact that the Court *sua sponte* provided Plaintiff additional time to respond to this Motion, Dkt. No. 34, Plaintiff has not responded to the Motion. Defendant seeks dismissal first based on the Court's prior Orders that Lee was not personally involved in any violation of Plaintiff's rights and would be named as a Defendant solely for purposes of service and discovery. Dkt. No. 32-2, Def.'s Mem. of Law at pp. 4-5 (citing Dkt. Nos. 10 & 16). The Court's prior Orders make it very clear that the Complaint failed to make a substantive allegation against Defendant Lee that could satisfy pleading standards. Dkt. No. 16 at p. 4; Dkt. No. 10 at pp. 9-11. Plaintiff had a lengthy period of time during which discovery was available to assist him in identifying the John Doe Defendants, but he has not identified them. Nor has Plaintiff offered any new evidence suggesting that Defendant Lee had in fact been personally involved in the alleged constitutional deprivations. Under the circumstances, dismissal as to Defendant Lee is appropriate. *Reed v. Doe*, 2015 WL 902795 at * 5 (N.D.N.Y. Mar. 3, 2015) (dismissing claim against Superintendent of Eastern Correctional Facility who was added as a party solely for discovery purposes following plaintiff's failure to identify John Doe defendants).

Defendant's Motion also urges the Court to dismiss the claims against the five John Doe Defendants based on Plaintiff's failure to properly identify them. Def.'s Mem. of Law at pp. 7-8. As to the still unidentified John Doe Defendants, I recommend these

3

Defendants be dismissed without prejudice for a number of reasons: (1) Plaintiff's failure to comply with a court order under Fed. R. Civ. P. 16(f);[1] (2) Plaintiff's failure to prosecute under Fed. R. Civ. P. 41(b) and N.D.N.Y.L.R. 41.2(a); and (3) Plaintiff's failure to serve within 90 days under Fed. R. Civ. P. 4(m). "Where discovery has closed and the Plaintiff has had ample time and opportunity to identify and serve John Doe Defendants, it is appropriate to dismiss those Defendants without prejudice." *Delrosario v. City of New York*, 2010 WL 882990, at *5 (S.D.N.Y. Mar. 4, 2010).

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendant's Motion for Summary Judgment (Dkt. No. 32) be **GRANTED**, and it is further

**RECOMMENDED**, that the Amended Complaint be **DISMISSED** in its entirety; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action. The Report-Recommendation shall be served upon Plaintiff at his last known address.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS**[2] **WILL PRECLUDE APPELLATE REVIEW.** *Roldan v.*

---

[1] The District Judge ordered Plaintiff to "take reasonable steps" to ascertain the identities of the John Does and advised that if any unnamed individual is not timely served, the action may be dismissed against that defendant. Dkt. No. 16 at pp. 4-5.

[2] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-

*Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: May 14, 2019
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).