**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**PASQUALE VERILLI,**

                           **Plaintiff,**

      v.                                                       9:17-CV-75
                                                                      (TJM/DJS)

**T. LEE, Superintendent, et al.,**

                           **Defendants.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**


## DECISION & ORDER

      Plaintiff, a New York State prisoner, filed this action, brought pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc. He alleges that Defendants violated his constitutional rights by ordering him to abandon his Ramadan fast by drinking water in order to provide a urine sample. See Complaint, dkt. # 1. Plaintiff named as defendants New York State officials, including William Lee, Superintendent of the Eastern Correctional Facility, and five John Doe Defendants. Id. The Court provided the Complaint and initial review pursuant to 28 U.S.C. § 1915(e)(2)(B) after Plaintiff sought to proceed *in forma pauperis*. See dkt. # 6. The Court determined that the Complaint should be dismissed. Id. The Court found that Plaintiff had not stated a claim against any of the named defendants because he had not alleged any personal action exposing them to liability. Id. The Court also concluded that

1

Plaintiff had not alleged any particular facts against the John Doe defendants to state claims against them. Id. The Court permitted the Plaintiff to amend the Complaint, however, to state claims against the John Doe defendants. Id.

Plaintiff filed an Amended Complaint. See dkt. # 9. The Court provided that Amended Complaint an initial review. See dkt. # 10. The Court again dismissed the claims against all the named parties, who were State officials, but concluded that Plaintiff's claims against the John Doe defendants survived initial review. Id. The Court directed the New York State Attorney General's Office "to the extent possible . . to produce . . . information . . . regarding the identities fo the John Doe defendants[.]" Id. The Court also ordered the Plaintiff to "continue to take reasonable steps, through discovery, to ascertain the identity of any Doe defendant listed in the amended complaint, and, if appropriate, file a motion to amend his complaint seeking permission to add such individual(s), by name, as defendant(s) to this lawsuit[.]" Id.

On January 8, 2018, the Court issued a decision and order that addressed the status of the case after the Court received reports on the issue of the unnamed defendants. See dkt. # 16. The Court noted that the New York State Attorney General's office had provided some information to aid Plaintiff in identifying the John Doe defendants, but that Plaintiff informed the Court that such documents were not helpful. In attempt to find the names of the defendants, the Court decided to "sua sponte add the Superintendent of the Eastern C.F. as a named defendant so that service may proceed and issue may be joined." Id. at 3. "Once issue is joined," the Court continued, "the plaintiff may seek through discovery the identity of any or all of the Doe defendants." Id. The Court directed the Clerk of Court to "add the Superintendent of Eastern C.F. as a

2

defendant **for service and discovery purposes only.**" Id. at 4 (emphasis in original). The Court took pains to emphasize that the Superintendent was named only for discovery purposes, and that Lee was not "personally involved in the First Amendment claims asserted against the Doe defendants." Id. The Court warned the Plaintiff, however, that service could not be achieved on an unnamed defendant, and that if he wanted "to pursue his claims against a Doe defendant, he must take reasonable steps to ascertain his or her identity through discovery or otherwise." Id. The Court ordered the Defendant to amend his complaint with the names of any Doe defendants he discovered. Id. at 5.

After answering the Complaint and providing discovery responses, Defendant Lee filed a motion for summary judgment. See dkt. # 32. Lee argued that he had been added as a defendant in this action for service and discovery purposes only. Since service and discovery had ended, Lee contended, he should be dismissed from the case. In any event, Lee alleged that no evidence indicated his personal involvement in a constitutional violation, and summary judgment was therefore appropriate for any claims against him.

The Court referred the motion to the Hon. Daniel J. Stewart, United States Magistrate Judge, for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Plaintiff did not respond to the motion in a timely fashion. Rather than ruling without opposition, Magistrate Judge Stewart issued an order on April 1, 2019 that directed Plaintiff to file opposition by May 3, 2019. See dkt. # 34. Magistrate Judge Stewart warned Plaintiff that if he failed to file a response, "summary judgment, if appropriate, will be entered against him." Id. Plaintiff did not respond by the required date, and Magistrate Judge Stewart issued the instant Report-Recommendation.

The Report-Recommendation, dated May 14, 2019, recommends that the Court

grant the Defendants' motion and dismiss the case against Superintendent Lee.  See dkt. # 35.  Magistrate Judge Stewart also recommends that the Court dismiss the case without prejudice against the John Doe defendants because Plaintiff has never identified those defendants, despite the ample time provided by the Court for him to do so.

On June 13, 2019, after the date by which Plaintiff was directed to file any objections to the Report-Recommendation, Plaintiff filed a response in opposition to Defendant's motion for summary judgment.  See dkt. # 37.  Because such response was untimely, and because of the procedural posture of the case, the Court will treat that response as objections to the Magistrate Judge Stewart's Report-Recommendation on the summary judgment motion.  When a party objects to a magistrate judge's Report-Recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1).  After such a review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."  Id.  The Court will therefore be able to evaluate the summary judgment motion and Plaintiff's response to it.

Having reviewed the record *de novo* and having considered the other issues raised in the Plaintiff's objections, this Court has determined to accept and adopt the recommendation of Magistrate Judge Stewart for the reasons stated in the Report-Recommendation.  Because Superintendent Lee was a party to this action only for the purpose of service and identifying the unnamed defendants, and because no evidence indicates his personal involvement in any of the alleged conduct giving rise to the claim,

summary judgment on the claims against him is appropriate. Plaintiff offers no explanation for his failure to name and serve the John Doe defendants, though he does argue that unnamed persons violated his rights. No claims can be proved against unnamed people, and Plaintiff has not availed himself of chances to name those people or serve them with the Complaint. The time has passed to do so, and the Court agrees that dismissal against these unnamed defendants without prejudice is appropriate.

It is therefore **ORDERED** that Plaintiff's objections to the Report-Recommendation of Magistrate Judge Stewart, dkt. # 37, are hereby OVERRULED. The Report-Recommendation, dkt. # 35, is hereby ACCEPTED and ADOPTED. Defendant Lee's motion for summary judgment, dkt. # 32, is hereby **GRANTED**. The Amended Complaint is hereby **DISMISSED IN ITS ENTIRETY**. Any claims against Defendant Lee are hereby **DISMISSED WITH PREJUDICE**. Any claims against unknown defendants are hereby **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is directed to **CLOSE** the case.

**IT IS SO ORDERED.**

Dated: August 31, 2019

Thomas J. McAvoy
Senior, U.S. District Judge

5